

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Room 7270
Washington, DC 20530

---

Tel: 202.514.1923

February 28, 2023

**VIA CM/ECF**

Deborah S. Hunt, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202

RE: *Doster v. Kendall*, Nos. 22-3497, 22-3702 (6th Cir.)
Opinion issued November 29, 2022
Petition for rehearing filed February 13, 2023

Dear Ms. Hunt:

I write to notify the Court of recent developments relevant to the government's rehearing petition, which confirm that the panel opinion and the preliminary injunctions should be vacated.

First, the Ninth Circuit in *Short v. Berger*, Nos. 22-15755, 22-16607 (9th Cir. Feb. 24, 2023), Ex. A, and *Dunn v. Austin*, No. 22-15286 (9th Cir. Feb. 27, 2023), Ex. B, dismissed service members' appeals from the denial of preliminary injunctions prohibiting enforcement of the military's COVID-19 vaccination requirement. Two separate panels concluded that the rescission of the vaccination requirement mooted the plaintiffs' preliminary-injunction appeals, Ex. A at 1, Ex. B at 1, vacated the district courts' orders, and remanded for further proceedings, *e.g.*, Ex. A at 1-2 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)).

Second, on February 24, the Deputy Secretary of Defense issued guidance implementing the rescission of the vaccination requirement. It explained that the Secretary of Defense's rescission memorandum rendered inoperative "any COVID-19 vaccination requirements or related theater entry requirements" in the military "and any limitations on deployability of Service members who are not vaccinated against COVID-19." Ex. C at 1. It further emphasizes that, with the exception of requiring

compliance with foreign nations' entry requirements, military commanders can neither "require a Service member or group of Service members to be vaccinated against COVID-19, nor consider a Service member's COVID-19 immunization status in making deployment, assignment, and other operational decisions, absent establishment of a new immunization requirement" under a prescribed process ensuring that any new requirements must be "justified by compelling operational needs … as narrowly tailored as possible." *Id.* at 2.

Third, on the same day, the Secretary of the Air Force issued guidance on the removal of adverse actions and the handling of religious accommodation requests. The guidance explains that members of those services who unsuccessfully sought an exemption from the vaccination requirement, "and who received adverse actions solely due to their" noncompliance with the requirement, "shall have those items removed." Ex. D.

                                      Sincerely,

                                      */s/ Casen B. Ross*
                                      Casen B. Ross
                                      Counsel for the United States

cc:    Counsel of Record (via CM/ECF)

# Exhibit A

FILED

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS SHORT,

        Plaintiff-Appellant,

v.

DAVID BERGER, in his official capacity as Commandant of the United States Marine Corps; CARLOS DEL TORO, in his official capacity as Secretary of the Navy,

        Defendants-Appellees.

No. 22-15755
      22-16607

D.C. No. 2:22-cv-00444-DJH
District of Arizona,
Phoenix

ORDER

Before: WARDLAW, LEE, and BUMATAY, Circuit Judges.

Appellant Thomas Short's appeal of the denial of the preliminary injunction, No. 22-15755, and appeal of the dismissal of the action as duplicative, No. 22-16607, are **DISMISSED AS MOOT** in light of the January 10, 2023 Memorandum issued by the Secretary of Defense, rescinding the military's COVID-19 vaccination mandate for all service members, and the January 18, 2023 MARADMIN 025/23 issued by the Marine Corps, formally implementing the Secretary of Defense's rescission of the COVID-19 vaccination requirement for all Marine Corps members.

The district court's judgments denying the preliminary injunction and dismissing the case are **VACATED**. *See United States v. Munsingwear, Inc.*, 340

U.S. 36, 39 (1950). The action is **REMANDED** to the district court for further proceedings consistent with this order due to the change in the legal framework governing this case.

**IT IS SO ORDERED.**

# Exhibit B

FILED

FEB 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN DUNN, Lieutenant Colonel, | No. 22-15286 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00288-JAM-KJN |
| v. | Eastern District of California, Sacramento |
| LLOYD J. AUSTIN III, US Secretary of Defense; FRANK KENDALL, US Secretary of the Air Force; GREGORY M. HAYNES, Colonel; JEFFREY PENNINGTON, Major General; UNITED STATES DEPARTMENT OF DEFENSE, | ORDER |
| Defendants-Appellees. | |

Before: W. FLETCHER, BYBEE, and VANDYKE, Circuit Judges.

On January 11, 2023, the government's filing informed the court that the Secretary of Defense had rescinded the COVID-19 vaccination requirement for all military service members. As directed by the court's January 19 order, the parties filed supplemental briefing addressing whether this case is moot in light of the government's change in policy.

We dismiss the appeal as moot and vacate the district court's order denying the preliminary injunction. The case is remanded to the district court for such further proceedings as may be appropriate.

**VACATED AND REMANDED.**

# Exhibit C



**DEPUTY SECRETARY OF DEFENSE**
1010 DEFENSE PENTAGON
WASHINGTON, DC 20301-1010

FEB 24 2023

MEMORANDUM FOR SENIOR PENTAGON LEADERSHIP
                COMMANDERS OF THE COMBATANT COMMANDS
                DEFENSE AGENCY AND DOD FIELD ACTIVITY DIRECTORS

SUBJECT: Guidance for Implementing Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces

      In today's rapidly changing global security environment, vaccines continue to play a critical role in assuring a ready and capable force that is able to rapidly deploy anywhere in the world on short notice. Department leadership is committed to ensuring the safety of our Service members and will continue to promote and encourage vaccinations for all Service members along with continued use of other effective mitigation measures. This includes monitoring changing public health conditions, relevant data, and geographic risks; and updating policies and processes as required to maintain the strategic readiness of our forces and our ability to defend national security interests around the globe.

      This memorandum provides additional guidance to ensure uniform implementation of Secretary of Defense Memorandum, "Rescission of the August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces," January 10, 2023 (January 10, 2023 memorandum).

      As required by section 525 of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, the January 10, 2023 memorandum rescinded the August 24, 2021 and November 30, 2021 Secretary of Defense mandates that members of the Armed Forces be vaccinated against the coronavirus disease 2019 (COVID-19) and thereby also rendered all DoD Component policies, directives, and guidance implementing those vaccination mandates as no longer in effect as of January 10, 2023. These include, but are not limited to, any COVID-19 vaccination requirements or related theater entry requirements and any limitations on deployability of Service members who are not vaccinated against COVID-19.

      DoD Component policies, directives, and guidance have not been operative since the January 10, 2023 memorandum was issued, regardless of the status of the DoD Component conforming guidance. DoD Component heads shall formally rescind any such policies, directives, and guidance as soon as possible, if they have not done so already. DoD Component heads shall certify to the Under Secretary of Defense for Personnel and Readiness in writing that these actions have been completed no later than March 17, 2023.

      The January 10, 2023 memorandum recognizes that other standing Departmental policies, procedures, and processes regarding immunizations remain in effect, including the ability of commanders to consider, as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions, such as when vaccination is



OSD001649-23/CMD002077-23

required for travel to, or entry into, a foreign nation. This continues to be the case, in accordance with the guidance below.

The Department's Foreign Clearance Guide will be updated to reflect that DoD personnel must continue to respect any applicable foreign nation vaccination entry requirements, including those for COVID-19. Other than to comply with DoD Foreign Clearance Guidance, DoD Component heads and commanders will not require a Service member or group of Service members to be vaccinated against COVID-19, nor consider a Service member's COVID-19 immunization status in making deployment, assignment, and other operational decisions, absent establishment of a new immunization requirement in accordance with the process described below. It is my expectation that any requests to the Assistant Secretary of Defense for Health Affairs (ASD(HA)) for approval to initiate mandatory immunizations of personnel against COVID-19 will be made judiciously and only when justified by compelling operational needs and will be as narrowly tailored as possible.

Department of Defense Instruction (DoDI) 6205.02, "DoD Immunization Program," July 23, 2019, will be updated as follows to establish a process requiring the Secretary of a Military Department, the Director of a Defense Agency or DoD Field Activity that operates medical clinics, or the Commandant of the Coast Guard, to submit a request for approval to initiate, modify, or terminate mandatory immunizations of personnel. Effective immediately, I direct the following action:

Paragraph 2.11. of DoDI 6205.02 is revised by adding a new subsection g., which will read:

"Submit requests to the ASD(HA) for approval to initiate, modify, or terminate mandatory immunizations of personnel and voluntary immunizations of other eligible beneficiaries determined to be at risk from the effects of deliberately released biological agents or naturally occurring infectious diseases of military or national importance."

The Commander of a Combatant Command must submit a request for approval to initiate, modify, or terminate mandatory immunizations of personnel through the Joint Staff, consistent with existing processes specified in DoDI 6205.02.

The Director of Administration and Management will make the revision directed above as a conforming change to the version of DoDI 6205.02 published on the DoD Issuances website.

*[signature]*

# Exhibit D



**SECRETARY OF THE AIR FORCE**
WASHINGTON

February 24, 2023

MEMORANDUM FOR ALMAJCOM-FOA-DRU/CC
DISTRIBUTION C

SUBJECT: Department of the Air Force (DAF) Guidance on Removal of Adverse Actions and Handling of Religious Accommodation Requests

In accordance with my 23 January 2023 memorandum "Rescission of 3 September 2021 Mandatory Coronavirus Disease 2019 Vaccination of Department of the Air Force Military Members and 7 December 2021 Supplemental Coronavirus Disease 2019 Vaccination Policy Memoranda," I want to reinforce that all policies within the Department of the Air Force associated with the implementation of the Coronavirus Disease 2019 (COVID-19) vaccination mandate for Service members were also rescinded. Commanders at all levels must ensure that associated guidance derived from the mandate is rescinded. Refer to USD(P&R) Re: Consolidated Department of Defense Coronavirus Disease 2019 Force Health Protection Guidance - Revision 4, 30 January 2023 for current force health protection guidance.

I am issuing the following additional guidance with respect to the removal of adverse actions, and the handling of religious accommodation requests for those Service members who refused vaccination. At the time the actions were taken, they were appropriate, equitable and in accordance with valid lawful policy in effect at the time; however, removal of those actions is now appropriate in some circumstances.

 a. Removal of Adverse Information: Currently serving Regular Air Force (RegAF), Space Force, Air National Guard, and Air Force Reserve members [including those involuntarily reassigned to the Inactive Ready Reserve] who sought an exemption on religious, administrative, or medical grounds, and who received adverse actions solely due to their refusal to receive a Coronavirus Disease 2019 (COVID-19) vaccine shall have these items removed as detailed below. The Service member must have formally sought an accommodation on religious, administrative, or medical grounds prior to or concurrent with the official initiation of the adverse action in order to receive relief under this memorandum. Commanders will ensure the removal of such adverse actions from currently serving Service members' records in accordance with the below guidance. Members will be notified by their command or record holder (e.g. Air Force Personnel Center, Air Reserve Personnel Center) when the adverse actions have been removed from their records. This policy does not apply to members who refused the COVID-19 vaccination and did not request an exemption. Members who did not seek an exemption may petition their chain of command under existing DAF policy or the Air Force Board for Correction of Military Records (AFBCMR) for removal of adverse information if they believe an injustice or error has occurred. The process to petition the AFBCMR may be found at: https://Afrba-portal.cce.af.mil.

       1) Letters of Admonishment, Counseling, or Reprimand, and Records of Individual Counseling issued solely for vaccine refusal after requesting an exemption as described above will be rescinded. Removal of actions for enlisted members will follow the procedures in DAFI 36-2907. Removal of officer adverse actions will follow DAFI 36-2907, except that the removal of Letters of Counseling related to a substantiated finding from an officially documented investigation, Letters of Admonishment and Letters of Reprimand from a Personnel Information File (PIF) or Unfavorable Information File (UIF) is delegated to commanders in the member's current chain of command who are equal or senior in grade to the initial imposing authority. Where the administrative action addresses additional misconduct, the administrative action will be redacted to remove all language associated with the member's refusal to receive the COVID-19 vaccine. Commanders will make new determinations as to whether to uphold, downgrade, or withdraw the administrative action and entry into a PIF or UIF without consideration of the refusal to receive the COVID-19 vaccine. Any requirement for AFBCMR direction for removal of actions from Military Human Resource Records or other files will be accomplished by AFPC/ARPC as appropriate if removal is required under this memorandum. The member's command will inform AFPC/ARPC which adverse actions will be removed, redacted, or replaced.

       2) Nonjudicial punishments issued solely for vaccine refusal after requesting an exemption as described above will be set aside in their entirety. Nonjudicial punishments issued partially for such vaccine refusal will have the vaccine refusal portion set aside and the remainder of the nonjudicial punishment reassessed for appropriateness. When the set aside is more than four months after the execution of the punishment, commanders should reference the SecDef Memo dated 10 January 2023 on an attachment to the AF Form 3212.

       3) Referral Performance Reports issued solely for vaccine refusal after requesting an exemption as described above will have the referral report removed from the member's personnel record and replaced with a statement of non-rated time. Where the referral report addresses additional misconduct, the report will be redacted to remove all language associated with the member's refusal to receive the COVID-19 vaccine and the rater and/or additional rater will reassess if the remaining report should remain a referral.

       4) Promotion Records will be corrected by the record holder (e.g., AFPC, ARPC, SAF/IG) to remove or redact, as appropriate, all adverse actions related to the member's refusal to receive the COVID-19 vaccine.

       5) Promotion Propriety Actions will continue processing in accordance with DAFIs 36-2501 and 36-2504 and may only be closed by Secretarial action.

       6) Current involuntary discharge proceedings will be terminated IAW the procedures in DAFI 36-3211 if the basis was solely for refusal to receive the COVID-19 vaccine. If there are additional circumstances supporting discharge, commanders should make a determination as to whether to continue discharge proceedings, including re-notification of discharge.

       7) Adverse actions removed under the provisions of this guidance memorandum contained in Inspector General files pursuant to AFI 90-301 will be removed from those files.

    b. Processing of religious accommodation requests (RARs) requesting an exemption to the COVID-19 vaccination requirement.

        1) Due to the recission of the COVID-19 vaccine mandate, all outstanding RARs for COVID-19 vaccination have been cancelled and will be returned without action.

        2) Individuals, whose COVID-19 RAR also requested accommodation for other mandated vaccinations, may resubmit their RAR to their unit commander for non-COVID-19 vaccinations in accordance with DAFI 52-201. Previous requests should be updated to provide any additional information the member deems relevant to the specific vaccine(s) the member is requesting an accommodation for. In order to expedite processing, members who desire to submit a new accommodation are requested to do so within 30 days.

        3) Commanders will expeditiously review and adjudicate RARs in accordance with DAFI 52-201 with the following exceptions. Upon resubmission by the member, unit commanders will review the revised package and provide a command recommendation. Following unit commander recommendation on the resubmitted package, if the RAR was previously reviewed by a Religious Resolution Team (RRT), it will be forwarded to the initial decision authority. Resubmitted RARs that were not previously reviewed by an RRT will be processed expeditiously through the DAFI 52-201 RRT process. Resubmitted RARs that were at the appellate authority will be forwarded by the unit commander to the initial decision authority. If the initial decision authority disapproves the requested accommodation, it will be forwarded directly to the appellate authority. Personnel at all levels will consider additional information provided by the applicant and the commander's recommendation.

    Let me close by expressing my admiration to the men and women of this Department for the tremendous effort and accomplishments in response to the COVID-19 pandemic while also ensuring the readiness of the force and defense of the Nation. We will continue to encourage COVID-19 vaccination for all personnel to ensure readiness, facilitate mission accomplishment, and protect our people.

Frank Kendall
Secretary of the Air Force

cc:
AF/CC
SF/CSO