# Chris Wiest, Attorney at Law, PLLC

25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
(513)257-1895 (cellular)
chris@cwiestlaw.com
*admitted in Kentucky and Ohio

April 6, 2023

Hon. Deborah Hunt, Clerk
United States Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202
By ECF Filing

Re: *Doster v. Kendall*
22-3497; 22-3702

Dear Ms. Hunt:

Please allow this to serve as Plaintiffs' response to the Government's *latest* FRAP 28(j) letter, at Doc. 80.

In *Colonel Financial Management Officer v. Austin*, No. 22-cv-1275, the court indicated that the issue unifying the class no longer existed in light of the rescission of the vaccine mandate. To the extent the issues were the same in that case and the present matter, it still misses the point. All members of class were subjected to the unconstitutional policy, and the common questions identified by the court remain. *Doster v. Kendall*, 54 F.4th 398, 406 (6th Cir. 2022).

This Court stated that the remedy "might more narrowly enjoin the Department to abolish the discriminatory policy, root and branch …" *Doster v. Kendall*, 48 F.4th 608, 615, (2022). Consequently, even though the mandate has been withdrawn (for now), its effects remain and require additional "root and branch" relief, continuing to unify the class. *Id.* In fact, numerous cases involve class action relief for remedying past discrimination, even when the initial discrimination ended. *United States v. Fordice*, 505 U.S. 717 (1992); *United States v. School Dist.*, 616 F.2d 895 (6th Cir. 1980); *Northcross v. Board of Education*, 466 F.2d 890 (6th Cir. 1982); *Brunet v. City of Columbus*, 1 F.3d 390 (6th Cir. 1993); *Jaimes v. Lucas Metropolitan Housing Authority (LMHA)*, 833 F.2d 1203 (6th Cir. 1987); *Christian v. United States*, 46 Fed. Cl. 793 (Cl. 2000)

No such "root and branch" relief has yet been afforded. And, and as previously briefed, there remains the prospect of resumed adverse action, particularly in light of Congressional testimony that no law prevents the Government from punishing prior vaccine objectors. At best, this matter presents a textbook case of voluntary cessation.

Finally, like the well-known anecdote of the orphan seeking mercy for being an orphan, even though he killed his parents, the Government disingenuously claims that it was prevented from filing a motion to dismiss in the District Court during the pendency of these appeals, even though the Government sought the very stay of which it now complains. The Government's request for vacatur should be denied.

Respectfully Submitted,


/s/Christopher Wiest

Christopher Wiest

cc: Counsel of Record (via CM/ECF)